IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

RICK LOGAN                                                                                             PLAINTIFF
ADC #86813

V.                                     NO: 2:12CV00007 HDY

LARRY MAY *et al.*                                                                   DEFENDANTS

**ORDER**

Plaintiff filed this *pro se* complaint on January 9, 2012, and is proceeding on a claim that Defendants failed to protect him when he was assaulted and injured by inmate S. Turner at the EARU on December 28, 2010. On July 2, 2012, Plaintiff filed a motion for summary judgment (docket entry #66). Defendants Peter Edwards and Albert Kittrell filed a response in opposition on July 6, 2012 (docket entry #69). On July 16, 2012, Defendants John Lau, Theron McCallum, Brenda Minor, and Charles Stewart, filed a response in opposition (docket entry #75), as well as a statement of facts (docket entry #76).

**I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*,

1

477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Plaintiff contends that he is entitled to summary judgment because Defendants refuse to provide him with Turner's medical records, and that they should therefore be prevented from using any such records in their defense  This, according to Plaintiff, leaves as the only evidence the allegations in his complaint, an admission by Stewart that he did not report to the mental health staff an earlier assault by Turner, and two affidavits from Turner admitting that Plaintiff's claims are true.

Edwards and Kittrell assert that Plaintiff's motion is not properly supported, and that he has failed to prove that they breached any duty and failed to protect him from attack.  Lau, McCallum, Minor, and Stewart, also contend that Plaintiff's motion is not properly supported, and further claim that material facts are in dispute, including whether the attack was caused by a lack of mental health medication for Turner, and whether their actions or inactions constituted a known substantial risk that Turner would attack Plaintiff, or whether the attack was foreseen.  Because material facts appear to be in dispute at this time, summary judgment is not appropriate.

## III. Conclusion

IT IS THEREFORE ORDERED THAT Plaintiff's motion for summary judgment (docket entry #66) is DENIED.

DATED this __20__ day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE